**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| VINCENT X. LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-CV-245 AGF |
| | ) | |
| STATE OF MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter comes before the Court on the motion of plaintiff Vincent X. Lee (prison registration number 37915) for leave to commence this civil action *in forma pauperis*, or without prepayment of the filing fee.  ECF No. 2.  While incarcerated, plaintiff has brought more than three civil actions in federal court that were dismissed as frivolous, malicious, or for failure to state a claim.  Accordingly, for the reasons discussed below, the Court will deny plaintiff's motion for leave to proceed *in forma pauperis* and dismiss plaintiff's complaint without prejudice.

 Plaintiff, currently incarcerated at the Southeast Correctional Center ("SECC") in Charleston, Missouri, is subject to 28 U.S.C. § 1915(g), which limits a prisoner's[1] ability to obtain *in forma pauperis* status if he has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim.  Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action ... in a court of the United States that was dismissed on the

---

[1] Plaintiff describes himself as incarcerated at SECC and mailed his complaint and supplement from that location.  *See* ECF Nos. 1 at 2, No. 1-2 at 1, 4 at 11.  Because he was incarcerated at the time this action was filed, plaintiff is a 'prisoner' for purposes of 28 U.S.C. § 1915(g).  *See Williams v. Scalleta*, 11 F. App'x 677, 678 (8th Cir. 2001) (defining "prisoner" as referring to the individual's status at the time the civil action is filed or appealed); 28 U.S.C. § 1915(h) (defining "prisoner" for use in § 1915(g) as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or terms or conditions of parole, probation, pretrial release, or diversionary program.").

grounds that it is frivolous, malicious, or fails to state a claim upon which relief
may be granted, unless the prisoner is under imminent danger of serious physical
injury.

28 U.S.C. § 1915(g).  Section 1915(g) is commonly known as the "three strikes" rule, and it has

withstood constitutional challenges.  *See Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001).

Prisoners who have three strikes must prepay the entire filing fee in order for their case to proceed.

*Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997).

Based on a review of cases filed by plaintiff in the United States District Court for the

Western District of Missouri, plaintiff has accumulated more than three strikes and that Court has

determined that, pursuant to 28 U.S.C. § 1915(g), plaintiff is not allowed to proceed *in forma*

*pauperis*.[2]  Likewise, the Eighth Circuit Court of Appeals has also recognized plaintiff as having

three strikes under 28 U.S.C. § 1915(g), and has only allowed him to proceed in appeals where he

has first paid the full appellate docketing fee.[3]  Therefore, this Court would be unable to permit

plaintiff to proceed *in forma pauperis* in this matter unless the "imminent danger" exception is

applicable.  28 U.S.C. § 1915(g).

Pursuant to § 1915(g), an indigent inmate who has acquired three strikes may still file a

lawsuit if he or she is under imminent danger of serious physical injury.  *Higgins v. Carpenter*,

258 F.3d 797, 800 (8th Cir. 2001).  This exception provides a "safety valve for the three strikes

---

[2] Plaintiff has filed many cases in the Western District Court that have been dismissed as frivolous, malicious, or for failure to state a claim, since his incarceration began in 1976.  *See Lee v. Mo. Dep't of Corr.*, No. 2:94-CV-4005-SOW (W.D. Mo. Jan. 5, 1994) (dismissed Feb. 14, 1994); *Lee v. Dormire*, No. 2:96-CV-4419-NKL (W.D. Mo. Dec. 6, 1996) (dismissed Jan. 14, 1997).  It appears that the Western District Court began denying plaintiff *in forma pauperis* status based on 28 U.S.C. § 1915(g) in 1998 and has done so in many cases filed thereafter.  *See Lee v. Gammon*, No. 4:98-CV-34-NKL (W.D. Mo. Jan. 8, 1998) (dismissed Jan. 20, 1998); *Lee v. Dormire*, No. 2:06-CV-4086-SOW (W.D. Mo. Apr. 17, 2006) (dismissed July 25, 2006); *Lee v. Dormire*, No. 2:08-CV-426-NKL (W.D. Mo. Oct. 6, 2008) (dismissed Jan. 20, 2009); *Lee v. Lombardi*, No. 2:09-CV-4181-CV-C-NKL (W.D. Mo. Aug. 31, 2009) (dismissed Dec. 11, 2009); *Lee v. Dormire*, No. 2:10-CV-4005-NKL (W.D. Mo. Jan. 7, 2010) (dismissed Mar. 22, 2010); *Lee v. Dormire*, No. 2:13-CV-4213-FJG (W.D. Mo. Sept. 30, 2013) (dismissed Dec. 4, 2013); *Lee v. Cassady*, No. 2:15-CV-4199-FJG (W.D. Mo. Sept. 8, 2015) (dismissed Oct. 27, 2015).

[3] *See Lee v. Dormire*, No. 2:13-CV-4213-FJG, ECF No. 14 (W.D. Mo. Sept. 30, 2013).

rule to prevent impending harms." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). However, for this exception to apply, an otherwise ineligible prisoner must be in imminent danger at the time of filing. *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).  Allegations of past imminent danger are not sufficient to trigger the exception to § 1915(g). *Id*.

Here, plaintiff does not allege that he is in imminent danger.  Plaintiff asserts that defendants have "wrongfully, unlawfully denied … [his] constitutional, statutory, human right to life, liberty, due process of law, equal protection of laws, aided, abetted, encouraged, and condoned, individually, and collectively, with guilty knowledge aforethought … in conspiracy!" ECF No. 1 at 4.  Plaintiff seems to be alleging that the defendants have conspired against him to keep him incarcerated in the Missouri state prison system for many years.  ECF No. 1 at 3-5.  The basis of this allegation seems to be the fact that plaintiff's original 1977 jury trial conviction in Missouri state court was vacated and remanded by the United States Supreme Court in 1979 because of underrepresentation of women in the jury venire. *Lee v. State*, 439 U.S. 461 (1979). However, after a new trial, plaintiff was against convicted on two counts of first-degree murder and two counts of first-degree robbery, and that conviction was affirmed by the Missouri Supreme Court. *State v. Lee*, 617 S.W.2d 398 (1981).  Plaintiff attaches to his complaint, what appears to be irrelevant, hand-written copies of orders that have issued in other cases that plaintiff has been involved in.  Nothing in the complaint constitutes imminent danger of serious physical injury.  On November 30, 2020, plaintiff filed supplemental documentation with the Court that pertains to personal property he has owned during his many years of incarceration.  Similarly, nothing in the supplement constitutes imminent danger of serious physical injury.  Plaintiff has thus failed to demonstrate that the exception to the three-strikes provision in § 1915(g) is applicable to him.

Therefore, the Court will deny plaintiff's motion to proceed *in forma pauperis* and will dismiss this action without prejudice to plaintiff refiling a fully-paid complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice to plaintiff refiling a fully-paid complaint. *See* 28 U.S.C. § 1915(g). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED** as moot.

Dated this 9th day of December, 2020.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE