UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| VINCENT X. LEE, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:20-CV-245 AGF |
| STATE OF MISSOURI, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This closed case is before the Court on self-represented plaintiff Vincent Lee's motion for reconsideration. On December 9, 2020, the Court denied plaintiff's motion to proceed *in forma pauperis* under the three strikes rule, 28 U.S.C. § 1915(g), and dismissed this case subject to re-filing as a fully paid complaint. ECF No. 5. On January 4, 2021, plaintiff filed a "motion for rehearing" regarding that dismissal. ECF No. 9. However, while that motion was still pending with the Court, plaintiff also filed a notice of appeal. ECF No. 11. For the reasons discussed below, the Court will deny plaintiff's motion.

As discussed in the Court's December 9, 2020 Order, while incarcerated, plaintiff brought more than three civil actions in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. ECF No. 5 at 2. In addition, after review of plaintiff's complaint filed in this matter, the Court found that plaintiff was not under imminent danger at the time of the complaint filing. *Id.* at 2-4. As such, the Court denied plaintiff *in forma pauperis* status under the three strikes rule, 28 U.S.C. § 1915(g), and dismissed the case without prejudice.

In plaintiff's motion for rehearing, he does not dispute being a three-striker. Plaintiff states that courts in the past have allowed him to proceed *in forma pauperis* and that under 28 U.S.C. §

1915(b)(4), a court cannot deny *in forma pauperis* status to a litigant based on his inability to pay an initial partial filing fee.  ECF No. 9 at 1-3.  Plaintiff then reiterates the same arguments made in his initial complaint concerning his assertion that he is being unlawfully confined given that, over thirty years ago, the United States Supreme Court vacated and remanded plaintiff's original 1977 jury trial conviction because of underrepresentation of women in the jury venire.  *See Lee v. Missouri*, 439 U.S. 461 (1979).  What plaintiff fails to mention is that, after a new trial, plaintiff was again convicted on two counts of first-degree murder and two counts of first-degree robbery, and that conviction was affirmed by the Missouri Supreme Court.  *See Missouri v. Lee*, 617 S.W.2d 398 (1981).  Plaintiff makes these same arguments in a supplemental "Exhibit 10" filed a couple of weeks after his motion for rehearing.  ECF No. 11.

"The filing of a notice of appeal … confers jurisdiction on the court of appeals and divests the district court o[f] its control over those aspects of the case involved in the appeal."  *Hunter v. Underwood*, 362 F.3d 468, 475 (8th Cir. 2004) (quoting *Liddell v. Bd. of Educ.*, 73 F.3d 819, 822 (8th Cir. 1996) (quoted case omitted)).  But filing a notice of appeal does not prevent a district court from taking action in furtherance of the appeal or prevent it from hearing motions on collateral matters to those at issue on appeal.  *Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003).

It is unclear whether plaintiff intends his *pro se* motion for rehearing to be brought under Rule 59(e) (motion to alter or amend the judgment) or Rule 60(b) (relief from judgment for mistake or other reason).  Fed. R. Civ. P. 59(e), 60(b); s*ee also Sanders v. Clemco Indus.*, 862 F.2d 161, 164-65, 168–69 (8th Cir. 1988) (discussing differences in characterizing unlabeled motion for reconsideration as either under Rule 59(e) or Rule 60(b)).

Under Rule 59(e), a court may alter or amend a judgment upon a motion filed no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). Rule 59(e) gives the Court power to rectify its own mistakes in the period immediately following the entry of judgment. *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982). Rule 59(e) motions are limited, however, to correcting "manifest errors of law or fact or to present newly discovered evidence." *U.S. v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoted cases omitted). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments that could have been presented prior to judgment. Furthermore, district courts have broad discretion in determining whether to grant a Rule 59(e) motion. *Id.*

Federal Rule of Civil Procedure 60(b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

"Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoted case omitted). It is not intended to be a vehicle for seeking

reconsideration of merit arguments that were previously considered by the court. *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

After reviewing the arguments made by plaintiff in his motion for rehearing, the Court finds that there are no grounds for granting relief under either Rule 59(e) or 60(b). Plaintiff does not dispute that he has had at least three cases dismissed under 28 U.S.C. § 1915(e)(2)(B) and he does not argue that he was under threat of imminent danger at the time the complaint was filed. The Court agrees with plaintiff that dismissal for failure to pay an initial partial filing fee is not allowed under 28 U.S.C. § 1915(b)(4); however, that was not the reason for dismissal of this matter. Plaintiff's motion fails to point to any mistake, newly discovered evidence, fraud, or other reason justifying reconsideration of the Court's judgment. Instead, the motion mostly revisits the same arguments made in plaintiff's complaint. There are no exceptional circumstances here that justify extraordinary relief. The Court declines to provide plaintiff with relief from final judgment in this matter. Plaintiff is therefore not entitled to reconsideration of the dismissal of his complaint, and his motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration [ECF No. 9] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff shall file any future documents or pleadings in connection with his appeal directly with the United States Court of Appeals for the Eighth Circuit.

Dated this 24th day of February, 2021.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE